UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NHCLC-SEATTLE, LLC, a Delaware limited liability company, and NH NORTHEAST, LLC, a Michigan limited liability company,

CASE NO. 13-12804

HON. MARIANNE O. BATTANI

Plaintiffs,

v.

JOHN KAUFFMAN, an individual,

Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION PURSUANT TO RULE 12(b)(6) TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE MOTION TO TRANSFER THIS CASE PURSUANT TO 28 U.S.C. § 1404(a) TO THE SOUTHERN DISTRICT OF NEW YORK**

The parties appeared before the Court on December 4, 2013, for oral argument on Defendant's motion to dismiss for improper venue or for transfer of venue (Doc. No. 3). The parties disagree as to whether a substantial part of the events giving rise to the claim occurred in this District thereby satisfying the statutory requirement 28 U.S.C. § 1391(b)(2). At the conclusion of the hearing, the Court informed the parties that venue in the Eastern District of Michigan was improper, that this action would be dismissed, and that the Court would file a brief opinion articulating its reasoning.

**I. FACTUAL BACKGROUND**

Plaintiff, NHCLC-Seattle, LLC ("NHCLC"), is a Delaware, single-member limited liability company. (Doc. No. 1 at ¶ 1). Plaintiff, NH Northeast, LLC ("NHNE") is a Michigan limited liability company. (Doc. No. 1 at ¶ 2). The principal place of business of both companies is Bloomfield Hills, Michigan. (Id.) NHNE is the sole member and manager of

NHCLC, and NHNE's members are entities with their principal place of business, or individuals residing, in Michigan. (Id.)  Defendant, John Kauffman, is a citizen of the United Kingdom residing in New Hampshire. (Id. at ¶ 3).

Plaintiffs own and operate training centers offering professional development and information technology training services. (Id. at ¶ 5).  After NHCLC acquired two companies in which Kauffman had an equity interest, NHCLC hired him as its President. (Id. at ¶¶ 6, 7).  The parties entered into an employment agreement dated July 8, 2011 (the "Agreement"). (Id. at ¶ 7).  The relationship soured after sales declined and NHNE incurred substantial losses. (Id. at ¶ 9).

During the course of their relationship, Kauffman, convinced the senior management and ownership of NHNE to make Kauffman the CEO. (Id. at ¶ 10).  While he was acting in this capacity, Kauffman "prepared a presentation for NHNE's ownership group, which projected that with an additional capital infusion from the owners, Defendant would be able to substantially grow sales and earnings. . . ." (Id. at ¶ 11).  Kauffman presented his projections at Plaintiffs' office in Michigan.

The projections did not materialize, and Plaintiffs allege that Kauffman's incompetence and gross mismanagement were the cause. (Id. at ¶ 13).  Among other things, Plaintiffs allege that Kauffman "willfully and deliberately delayed and/or refused to implement cost reduction measures or to restructure the sales operations" to protect his interest that sufficient revenue accrue to pay the deferred purchase price of UT  (Id. at ¶ 15).  In January 2013, Kauffman was terminated, and the parties dispute whether the termination was for cause.  Kauffman threatened to commence a lawsuit against NHCLC and NHNE, but Plaintiffs filed first, and they seek declaratory relief that Kauffman was

2

terminated for cause under the parties' Agreement. Plaintiffs also ask the Court to declare a restrictive covenant in the agreement to be valid and enforceable.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) provides the procedural vehicle for raising the defense of improper venue. On a motion to dismiss under Rule 12(b)(3), "the plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." Audi AG & Volkswagen of Am., Inc. v. Izumi, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002).

## III. ANALYSIS

"The venue statute does not mandate that a plaintiff file a complaint where the most substantial events giving rise to the claim occurred. Without question, venue may be proper in two or more districts, even though most of the events occurred in only one of the districts." Capitol Specialty Corp. v. Splash Dogs, LLC, 801 F. Supp.2d 657, 671-72 (S.D. Ohio 2011) (quoting Cunningham v. MEC Enters., Inc., No. 10-13409, 2011 WL 1869911, at *2 (E. D. Mich. Apr.20, 2011)). Kauffman is not guaranteed a preferred venue, only a proper venue.

Nevertheless, Plaintiffs cannot meet the standard because this district has no substantial connection to the dispute. In an action for breach of contract, several factors are analyzed to assess venue, including location of the negotiation and execution, place of performance, and where the breach occurred. Parenteau v. Century Bank, No. 2:07-CV-851, 2008 WL 281626, *3 (S.D. Ohio Jan. 31, 2008) (citing Gulf Ins. Co. v.

Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005)). None of these things occurred in Michigan.

Here, the contract was not negotiated in this district. It was not executed in this district. Kauffman did not work in this district. Finally, the termination did not occur in this district. The Court rejects Plaintiffs' assertion that this district is proper because Kauffman made a deceitful presentation to NHNE's executive decisionmakers in Michigan and Kauffman refused to comply with directives from Michigan. Because the Eastern District of Michigan is not site of a substantial part of the events giving rise to the claim, the case cannot proceed here.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss for Improper Venue.

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

Date: December 10, 2013

## CERTIFICATE OF SERVICE

A copy of this Order was mailed and/or electronically filed to counsel of record on this date.

                                          s/Bernadette M. Thebolt
                                          Case Manager